CATHERINE NAUNCZIK, ADMINISTRATRIX, RESPONDENT, v. McALLISTER LIGHTERAGE LINE, APPELLANT.

Submitted July 7, 1919—Decided November 17, 1919.

1. A servant generally employed by a lighterage company may, for a particular work or occasion, become, *pro hac vice*, the servant of a railroad company, but whether he submitted himself to the control of the latter company or not, was, in this case, a question for the jury.
2. To establish the relation of master and servant in such a case it must appear that the servant has, expressly or by implication, consented to the transfer of his services to the new master, and agreed to accept him as his master, *pro hac vice*.

On appeal from the Hudson Circuit.

For the respondent, *Herbert Clark Gilson*.

For the appellant, *Runyon & Autenreith*.

The opinion of the court was delivered by

SWAYZE, J. We think the evidence as to negligence of the defendant, and as to the contributory negligence of the decedent, was sufficient to carry the case to the jury. The only question of interest is whether the defendant is liable or whether the engineer had become *pro hac vice* the servant of the railroad company. That he was generally the servant of the defendant, by whom he was paid, cannot be questioned. He was to some extent certainly subject to the orders of the railroad company who had made a contract with the defendant by which the latter supplied the necessary labor. The question is whether this evidence conclusively shows that the engineer submitted himself to the control of another person (the railroad company) than his proper master (the defendant), and either expressly or impliedly consented to accept the railroad company as his master. We think, to say the

least, that a jury might properly infer that the engineer had not consented. The law cannot be better stated than in *Delaware, Lackawanna and Western Railroad* v. *Hardy*, 59 *N. J. L.* 35, approved by this court in *Id.* 562. In a very similar case recently decided, we have held that the evidence conclusively showed that the servant had not consented to the change of master. *Drago* v. *Central Railway Co.*, 93 *Id.* 176.

The only errors complained of are the refusal to nonsuit and the refusal to direct a verdict for the defendant. As we think the evidence justified the submission of the case to the jury, the judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.

A reargument of this case was allowed at the June term, 1920, and the following opinion was rendered June 24th, 1920:

SWAYZE, J. At the hearing on a petition for reargument, counsel agreed that the question of a rehearing should be disposed of on the briefs and arguments then presented. This we now proceed to do.

By a slip the word "decedent" was written in the opinion where the word "engineer" should have been written in three places. This slip has now been corrected in the original opinion. A sentence which is thereby made ambiguous in its pronoun has been stricken out. With these corrections we adhere to the view expressed in that opinion.

We have given attention to the suggestion that the agreement under which the defendant furnished the boat and men

to the Pennsylvania Railroad Company was a maritime contract and amounted to a demise. We do not accede to this, but, assuming all the defendant claims, the authorities are against him. It is enough to cite *Standard Oil Co.* v. *Anderson,* 212 *U. S.* 215. It is also argued that the question whether the engineer had consented to become the servant of the railroad company should have been submitted to the jury. The difficulty is that this point is not raised in the record. The only grounds of appeal are the refusal to nonsuit and the refusal to direct a verdict. Of course, the defendant could not very well ask a direction of a verdict in its favor and at the same time ask that the case be submitted to the jury, but it might well have excepted to the charge if it wanted to raise the point. It failed to do so at the time; it cannot do so now.

Let the judgment be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON, JJ. 11.

*For reversal*—None.